Will Morrison, Bar No. 7587
Morrison Law Office
PO Box 523
Kaysville, UT 84037
Tel 801-519-9772
Email: Trusteemorrison@gmail.com
Chapter 7 Trustee

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>SHYLEIGH R. DAVIS,<br>       Debtor. | Bankruptcy Case 24-24195-KRA<br>(Chapter 7) |
| WILL MORRISON, as Trustee of the Chapter 7 Bankruptcy Estate of Shyleigh R. Davis,<br><br>       Plaintiff,<br><br>vs.<br><br>Titanium Funds, LLC,<br>       Defendant. | Adversary Proceeding 25-_____<br><br>Judge Kevin R. Anderson<br><br>**FILED ELECTRONICALLY** |

## ADVERSARY COMPLAINT

Plaintiff Will Morrison, as Trustee of the Chapter 7 bankruptcy estate of Shyleigh R. Davis in bankruptcy case 24-24195, hereby complains and alleges for relief against Titanium Funds LLC as follows:

**PARTIES**

1. Plaintiff Will Morrison ("Plaintiff") is the duly appointed, qualified, and acting Trustee of the Chapter 7 bankruptcy estate of Shyleigh R. Davis ("Debtor") in bankruptcy case 24-24195 (the "Bankruptcy Case") and pursuant to 11 U.S.C. § 323 is the representative of Debtor's bankruptcy estate and has the capacity to sue.

2. Defendant Titanium Funds, LLC ("Titanium") is a Utah limited liability company with its principal office located at 4581 West 3500 South, WVC, UT 84120.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 85 of the United States District Court for the District of Utah.

4. This is a core proceeding as defined by 28 U.S.C. §157(b)(2) and arises under Title 11 of the United States Code (the "Bankruptcy Code") and relates to the Bankruptcy Case.

5. Venue for this adversary proceeding is proper in the United States District Court for the District of Utah in accordance with 28 U.S.C. § 1409.

**GENERAL ALLEGATIONS**

6. Approximately three years prior to August 20, 2024 (the "Petition Date"), Debtor and Titanium entered into a business relationship on or about April 2021, wherein Titanium provided financing for Debtor to purchase a used vehicle through Lucky's Auto Credit (the "Vehicle"), obtaining a lien on the Vehicle as collateral for the loan.

7. When she became delinquent in loan payments on the Vehicle, Titanium repossessed Debtor's Vehicle and sold the collateral, asserting afterward a $13,388.32 deficiency owed by the Debtor.

8. Debtor listed Titanium as a creditor on Schedule F to whom she allegedly owes $7,828.64 of consumer debt.  (Doc 4, page 18, line 4.17).

9. Titanium filed a complaint (Docket #219914499) against the Debtor in state court, and obtained a default judgment in the amount of $13,388.32 on March 25, 2024 (the "Judgment").

10. During the period of May 24, 2024 to August 20, 2024, Titanium garnished Debtor's wages in the amount of approximately $1,716.27 (the "Garnishments"), summarized as follows:

> Period ending 05/25/24 (paid 05/31/24) $287.07
> Period ending 06/08/24 (paid 06/14/24) $296.10
> Period ending 06/22/24 (paid 06/28/24) $322.69
> Period ending 07/06/24 (paid 07/12/24) $284.19
> Period ending 07/20/24 (paid 07/26/24) $298.23
> Period ending 08/03/24 (paid 08/09/24) $227.99
> Total Garnished Funds in the 90-days prior to PD = $1,716.27

11. At the time of the Garnishments, Debtor's obligations to Titanium were antecedent debts.

12. At the time of the Garnishments, Debtor could not meet her debts and obligations as they became due and she was unable to service her debts.

13. At the time of the Garnishments, Debtor was insolvent.

14. On August 20, 2024 (the "Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

15. Plaintiff was appointed as the Trustee of Debtor's Chapter 7 bankruptcy estate in the Bankruptcy Case, and has duly made demand upon Titianim for return of the Garnishments.

16. The Garnishments were made within ninety (90) days of the Petition Date and are presumed to be preferential transfers.

17. The Garnishments enabled Titanium to receive more than it would have otherwise received as a creditor in the Bankruptcy Case.

18. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking to avoid and recover the value of the Garnishments, which is alleged to be at least $1,716.27 or such additional amount as may be proven at trial.

**FIRST CAUSE OF ACTION**
*(Preference – 11 U.S.C. §547(b))*

19. Plaintiff realleges and incorporates by reference each of the preceeding paragraphs as if fully set forth herein.

20. The Garnishments constitute transfers of the Debtor's interest in property.

21. The transfers were made on or within ninety (90) days of the Petition Date.

22. The transfers were to or for the benefit of Titanium, who is or was a creditor of the Debtor as of the Petition Date.

23. The transfers were for, or on account of, an antecedent debt owed by Debtor to Titanium before the transfers were made.

24. The transfers were made while Debtor was insolvent since Debtor could not meet her debts and obligations as they became due.

25. The transfers enabled Titanium to receive more than it would otherwise receive in the Bankruptcy Case if it had not received the Garnishments.

26. By reason of the foregoing, the transfers should be avoided as preferential transfers under 11 U.S.C. § 547(b).

## SECOND CAUSE OF ACTION
*(Recovery of Avoided Preferential Transfer – 11 U.S.C. §§ 550 and 551)*

27. Plaintiff realleges and incorporates by reference each of the preceeding paragraphs as if fully set forth herein.

28. The Garnishments in question are avoidable under 11 U.S.C. § 547.

29. Pursuant to 11 U.S.C. § 550, Plaintiff, for the benefit of Debtor's bankruptcy estate, is entitled to recover from Titanium the Garnishments or the value of the Garnishments ($1,716.27).

## PRAYER FOR RELIEF:

**WHEREFORE**, based on the foregoing, Plaintiff requests the following relief:

A. On the first cause of action, a judgment against Titanium avoiding the Garnishments as preferential transfers under 11 U.S.C. § 547 in the amount of $1716.27, or such other, additional amount as may be established hereinafter.

  B. On the second cause of action, a judgment against Titanium allowing Trustee to recover and preserve the transfers or the value of the transfers (i.e., $1,716.27) for the benefit of the Debtor's bankruptcy estate under 11 U.S.C. §§ 550 and 551.

  C. For costs of court to the extent permitted by law.

  D. For such furher and additional relief as deemed appropriate by the Court.

DATED: 05/22/2025       /s/ Will Morrison
               *Will Morrison, Chapter 7 Trustee*